IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | |
|---|---|
| JERRY W. COBB, individually and on behalf of the Qualico Steel 401(k) Plan and its participants,<br><br>    Plaintiffs,<br><br>v.<br><br>REGIONS BANK d/b/a REGIONS MORGAN KEEGAN TRUST; QUALICO STEEL CO., INC.; and MORGAN KEEGAN & CO., INC.,<br><br>    Defendants. | No. 09-2806 |

**ORDER GRANTING DEFENDANT QUALICO STEEL CO., INC.'S MOTION FOR A MORE DEFINITE STATEMENT**

Before the Court is Defendant Qualico Steel Co., Inc.'s ("Qualico") August 31, 2009, Motion for a More Definite Statement pursuant to Federal Rule of Civil Procedure 12(e). (See Dkt. No. 37, Exh. 9.) Plaintiff Jerry W. Cobb responded in opposition on October 5, 2009, and Qualico filed its reply on October 13, 2009. (See Dkt. No. 37, Exhs. 46, 49.) For the following reasons, Qualico's Motion is GRANTED.

Plaintiff originally filed suit under the Employee Retirement Security Act of 1974 ("ERISA"), 29 U.S.C. §§ 1109, 1132, in the Middle District of Alabama, alleging that

Defendants Regions Bank d/b/a Regions Morgan Keegan Trust ("Regions"), Qualico, and Morgan Keegan & Company ("Morgan Keegan") had violated the statutory fiduciary duties they owed to the beneficiaries of the Qualico Employee 401(k) Plan (the "Plan"). (Compl. ¶ 6.) The Plan was a "defined contribution plan" into which Qualico employees made elective contributions that Qualico matched. (Id. ¶¶ 24-25.) Regions served as the Plan's trustee, and Morgan Keegan was the Plan's "exclusive investment advisor." (Id. ¶¶ 19, 23.)

Through the Plan, employees had "the option of purchasing one or more variations of investments for [their] retirement investment portfolio[s]." (Id. ¶ 5.) Two of the funds in which employees could choose to invest were the Regions Morgan Keegan Select Intermediate Bond Fund and the Regions Morgan Keegan Select High Income Bond Fund (the "Funds"). Plaintiff alleges that the Funds violated their published investment restrictions by investing more than fifty percent of their assets in mortgage-backed securities. (Id. ¶ 50.) The Funds were restricted from investing more than twenty-five percent of their assets in any one industry. (Id.) Plaintiff also alleges that Defendants failed to inform Plan participants that the Funds had violated their investment restrictions and that the mortgage-backed securities composing the majority of the Funds' investments were highly illiquid because of the limited market

2

for them. (Id. ¶¶ 52-53.) This made the Funds inappropriate investments for an employee 401(k) plan and exposed the Funds to much greater than average risk. (Id. ¶ 39.) When the credit crisis began in late 2007, the Funds' share price collapsed as the value of their underlying mortgage-backed securities dropped. Plaintiff alleges that the Funds suffered "far greater adverse effect[s]" than their peer funds. (Id. ¶ 54.) On December 2, 2009, the United States Judicial Panel on Multidistrict Litigation transferred Plaintiff's suit from Alabama to the Western District of Tennessee, where this Court is hearing all litigation related to the collapse of the Funds. (See Transfer Order, Dkt. No. 37, Exh. 52); see also In re Regions Morgan Keegan Sec., Derivative, and ERISA Litig., 598 F. Supp. 2d 1379, 1382 (J.P.M.L. 2009) (original order transferring related Morgan Keegan cases to the Western District of Tennessee and establishing Morgan Keegan MDL).

Qualico's Motion seeks an order requiring Plaintiff to file a more detailed complaint, delineating the specific claims he has against each named Defendant. Qualico argues that Plaintiff's current Complaint refers generically to "Defendants" without "designating which allegations are made against each particular defendant." (Defendant Qualico's Motion for a More Definite Statement ¶ 5.) ("Def's Mot.") The Motion also asserts that Plaintiff's Complaint is a cut-and-paste job, comprised of

3

sections lifted from other complaints against Defendants that are inapplicable to the present suit. (Id. ¶ 4.) Qualico argues that, absent a more specific Complaint, it cannot know the claims to which it must respond. (Id. ¶ 7.)

Federal Rule of Civil Procedure 12 states that:

> A party may move for a more definite statement of a pleading to which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot reasonably prepare a response. The motion must be made before filing a responsive pleading and must point out the defects complained of and the details desired. If the court orders a more definite statement and the order is not obeyed within 14 days after notice of the order or within the time the court sets, the court may strike the pleading or issue any other appropriate order.

Fed. R. Civ. P. 12(e). Whether to grant a Rule 12(e) Motion is within the sound discretion of the Court. Babb v. Bridgestone/Firestone, 861 F. Supp. 50, 52 (M.D. Tenn. 1993); Fleming v. Michigan, No. 2:09-cv-11795, 2010 U.S. Dist. LEXIS 22790, at *27 (E.D. Mich. Feb. 23, 2010). However, a motion for a more definite statement is not intended as a substitute for the discovery process. Wheeler v. United States Postal Serv., 120 F.R.D. 487, 488 (M.D. Pa. 1987).

Plaintiff's Complaint contains four counts alleging that "Defendants" violated the duties of prudence and loyalty (Compl. ¶¶ 81-88), failed to provide complete and accurate information to the Plan's beneficiaries (id. ¶¶ 89-99), improperly acted while under a conflict of interest (id. ¶¶ 100-05), and failed

4

to monitor the other fiduciaries. (Id. ¶¶ 106-115.) Each count of the Complaint incorporates by reference all prior allegations in the Complaint, leaving the final count "an amalgamation of everything in the complaint." Byrne v. Nezhat, 261 F.3d 1075, 1128 (11th Cir. 2001); (see Compl. ¶¶ 81, 89, 100, 106.) Plaintiff's Complaint, therefore, is a clear example of a "shotgun complaint." Wagner v. First Horizon Pharm. Corp., 464 F.3d 1273, 1279 (11th Cir. 2006) ("Shotgun pleadings are those that incorporate every antecedent allegation by reference into each subsequent claim for relief." (citation omitted)); see also Byrne, 261 F.3d at 1130 (noting that such complaints can "wreak havoc on the judicial system" because of the resources that opposing parties and the court must waste to decipher them).

Qualico is correct that Plaintiff's Complaint fails, in parts, to specify the parties against which it makes allegations. Although the first three counts note that their allegations apply to all named Defendants, count four provides no hint about the party or parties against which it is directed. (Compare Compl. at 26, 28, 31 (noting that the counts apply to "all Defendants"), with Compl. at 32 (containing no indication about the Defendant or Defendants implicated).) Count four alleges that certain Defendants failed to monitor or properly oversee the Plan, (see, e.g., id. ¶ 111), but contains no proper name of any Defendant. Indeed, it refers to non-existent

5

defendants, i.e., the "Director Defendants." (Id. ¶ 109(f).) Plaintiff has not sued any individual directors. Count four also refers to "The Company," a term the Complaint does not define. (Id.) Because each of the three named Defendants is a legal entity, it could apply to any one of them.

The Complaint's first three counts also lack specificity. Plaintiff never uses the name of an actual Defendant. (See id. ¶¶ 81-105.) Instead, Plaintiff refers to "Defendants" and leaves it to those unspecified Defendants to determine which paragraphs of the Complaint might refer to them. Although not as unclear as count four, the first three counts are indefinite about the allegations Qualico must answer. Cf. Magluta v. Samples, 256 F.3d 1282, 1284 (11th Cir. 2001) (per curiam) (remanding for repleading where "[t]he complaint [was] replete with allegations that 'the defendants' engaged in certain conduct, making no distinction among the fourteen defendants charged").

Rule 12(e) exists to rectify complaints that are unintelligible or vague. See Fed. R. Civ. P. 12(e); Cox v. Maine Maritime Acad., 122 F.R.D. 115, 116 (D. Me. 1988). As currently pled, count four fails to notify Qualico of what, if any, specific wrongs Plaintiff alleges against it. Therefore, Qualico's Motion for a More Definite Statement is GRANTED. Plaintiff is ORDERED to submit an amended complaint within 30

6

days.  <u>See</u> Fed. R. Civ. P. 12(e) (noting that the Court may set a deadline of not less than fourteen days to comply with an order to replead).  Plaintiff should replead count four in its entirety, noting the Defendant or Defendants to which specific allegations apply and removing all references to non-existent or undefined defendants.  Where appropriate, Plaintiff should also revise and edit the Complaint's first three counts to include the proper names of the "Defendants" against which Plaintiff alleges culpable conduct and the specific conduct alleged.

So ordered this 19th day of May, 2010.

>                                s/ Samuel H. Mays, Jr.
>                                SAMUEL H. MAYS, JR.
>                                UNITED STATES DISTRICT JUDGE